**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 23-119-DLB**

**GREGORY M. TWITTY**                                                   **PETITIONER**

**VS.**                                    **MEMORANDUM ORDER**

**WARDEN DAVID LEMASTER**                                          **RESPONDENT**

**\*\*\* \*\*\* \*\*\* \*\*\***

Federal inmate Gregory M. Twitty filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he argues that the Federal Bureau of Prisons (BOP) incorrectly determined that he is ineligible for First Step Act (FSA) time credits. (Doc. # 1).  The United States Attorney's Office for the Eastern District of Kentucky entered an appearance on behalf of the Respondent and filed a response in opposition to Twitty's petition.  (Doc. # 8).  This matter is now ripe for a decision.

The Court has fully reviewed the parties' submissions and will **deny** Twitty's request for relief.  As an initial matter, the U.S. Attorney's Office represents that Twitty was convicted of multiple federal crimes in the Southern District of Ohio, including distribution of a controlled substance and possession of a firearm in furtherance of a drug trafficking offense.  (*See* Docs. # 8 and 8-1).  The latter conviction was a violation of 18 U.S.C. § 924(c).  (*See id.*).  Twitty was ultimately sentenced to a total of 120 months in prison.  (*See id.*).

1

The Court recognizes that the FSA allows a prisoner to earn time credits towards pre-release custody or supervised release if he successfully participates in evidence-based recidivism reduction programs and other productive activities.  *See* 18 U.S.C. § 3632(d)(4).  However, the FSA also provides that a prisoner is ineligible to receive such time credits if he is serving a sentence for a disqualifying offense, and the statute specifically includes convictions under § 924(c) as one such disqualifying offense.  *See id.* at § 3632(d)(4)(D)(xxii).  Given Twitty's conviction under § 924(c), the BOP correctly determined that he was ineligible to earn FSA time credits.  (*See* Doc. # 8-1 at 2).

As best as the Court can tell, Twitty suggests that subsection xxii somehow does not apply to his case based on his reading of that statute.  (*See* Doc. # 1-1).  However, Twitty's argument is exceedingly difficult to follow, and, as the U.S. Attorney's Office argues, his "strained reading" would appear to render subsection xxii meaningless. Moreover, Twitty has not clearly identified any case law or other legal authority to support the position that he is eligible for FSA time credits notwithstanding his conviction under § 924(c).  And while Twitty offers other arguments in support of his petition—including those related to his PATTERN score—those arguments are likewise unavailing for the reasons stated in the Government's response.  (*See* Doc. # 8 at 4).

Accordingly, it is **ORDERED** as follows:

(1) Twitty's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2) This action is **STRICKEN** from the Court's docket; and

(3) The Court will enter a corresponding Judgment.

This 4th day of April, 2024.



Signed By:

*David L. Bunning*

United States District Judge

L:\DATA\ORDERS\PSO Orders\Twitty 0-23-119  Memorandum.docx